Filed 10/22/24  P. v. Fields CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>THEODORE ROOSEVELT FIELDS,<br><br>　　　Defendant and Appellant. | E083242<br><br>(Super.Ct.No. FSB031024)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Theodore Roosevelt Fields appeals from the trial court's denial of his motion to vacate under Penal Code[1] section 1465.9 "any and all balances outstanding" on the $10,000 restitution fine imposed at his sentencing in 2002. (See § 1202, subd. (b).)  The court in a written order explained the denial:  "PC 1465.9 applies to court imposed 'costs' and not court imposed fines."  On appeal, appointed counsel filed a "no-issue" brief identifying no issues of potential concern for our review and, despite notice of his opportunity to do so, defendant filed no supplemental brief himself.  For the reasons set forth *post*, we dismiss the appeal.

## STATEMENT OF THE CASE

In May 2002, a jury convicted defendant of one count each of robbery and residential burglary.  (§§ 211, 459.)  In bifurcated proceedings, the trial court found defendant previously was convicted of at least three serious or violent felony offenses (§§ 667, subds. (a)(1), (b)-(i), 1170.12, subds. (a)-(d)) and served multiple prior prison terms (§ 667.5, subd. (b)).

The court sentenced defendant to an aggregate term of 40 years to life in prison. As relevant here, the court also imposed a $10,000 restitution fine pursuant to section 1202, subdivision (b), and imposed, but stayed, a parole revocation fine in that amount under section 1202.45.  The court imposed no other fines or penalties nor any fees, costs, or assessments to be collected by the court or other entities.  Defendant

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

appealed his conviction without success. (*People v. Fields* (April 19, 2004, E032476) [nonpub. opn.].)

In December 2023, defendant filed a motion in propria persona requesting that the trial court reconsider its denial, in July 2023, of his earlier motion to vacate "the remainder of his unpaid restitution fine."[2] Defendant cited section 1465.9 as the basis for relief from his restitution fine because that statute "expressly listed" section 1202.4.

The trial court denied defendant's motion as noted, and he appealed.

After appellate defense counsel reviewed the record, analyzed potential legal issues, and consulted with Appellate Defenders, Inc., counsel concluded there were no grounds with arguable merit on which to pursue the appeal. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success" on appeal].) Counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting our independent review of the record for arguable issues.

## DISCUSSION

Because this matter involves a postjudgment motion, we review it pursuant to *Delgadillo* rather than *Wende* or *Anders*. (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 227-229.) Under *Delgadillo*, if appellate counsel files a no-issue brief and "the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as

---

[2] Defendant's earlier motion is not in the appellate record.

abandoned." (*Id.* at p. 232.) We expressly advised defendant as much. In the absence of briefing by defendant, we conclude he has abandoned his appeal.

Assuming arguendo defendant did not intend to do so, and to forestall fruitless motions defendant might consider here or below again, we state clearly that there are no grounds for merits briefing by the parties nor to warrant our further review.

In particular, defendant is mistaken as to the significance of section 1465.9's reference to section 1202.4. While the former mentions the latter, as defendant noted below, it does so in providing that "the balance of any court-imposed *costs*" imposed under numerous statutory provisions are unenforceable, uncollectible, and must be vacated. (§ 1465.9, subds. (b), (c), italics added.) The trial court was thus precisely correct.

Moreover, other changes rendered by the enactment of Assembly Bill No. 177 (see Stats. 2021, ch. 257; effective Sept. 23, 2021), beyond amending section 1465.9 to make "costs" under the enumerated statutes uncollectible, also make clear that collection of restitution *fines* remains valid, as opposed to recovering costs to collect those fines. Before the bill's enactment, subdivision (l) of section 1202.4, along with other statutory provisions, including section 2085.5, permitted the imposition of various administrative fees associated with collecting restitution fines. Assembly Bill No. 177 repealed and then re-enacted section 1202.4 to eliminate former subdivision (l), and it also repealed the fees that could be imposed under section 2085.5. It left intact, however, the provisions allowing prison and jail administrators to deduct a percentage of wages earned by inmates as payment of restitution fines. (Stats. 2021, ch. 257, § 20; compare Stats. 2016,

ch. 718 [former § 2085.5, subd. (e)] with Stats. 2021, ch. 257, § 37.)  These changes thus give no hint of making restitution fines unenforceable.

### DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

RAMIREZ _____
P. J.

RAPHAEL _____
J.